Deborah **EHRLICH**, Plaintiff-Appellant,

v.

Sylvia **LICHTENFELD** and David H. Lichtenfeld, Defendants-Respondents.

No. 34391.

Missouri Court of Appeals, St. Louis District, Division Two.

Nov. 6, 1973.

Motion for Rehearing or Transfer Denied Dec. 7, 1973.

Taub & Klein, Paul Taub, Overland, for plaintiff-appellant.

Susman, Willer, Rimmel & Elbert, Gerald A. Rimmel, St. Louis, for defendants-respondents.

DONALD E. DALTON, Special Judge.

What began in the noble desire of children to provide for their invalid and incapacitated mother, now ends in this controversy of sister against sister and brother-in-law.

Jacob Ehrlich died on June 19, 1963, survived by his invalid widow, Zelda Ehrlich, and two daughters, Deborah Ehrlich, the plaintiff-appellant, and Sylvia Lichtenfeld, who, with her husband David H. Lichtenfeld are defendants-respondents. For simplicity, the parties will hereinafter be referred to by their first names. On June 28, 1963, Deborah, Sylvia and David entered into an agreement to provide support and care for Zelda. The agreement provided that David was to "collect all sums payable to, or now or hereafter collectable by, Zelda Ehrlich . . . " and contemplated "collecting assets which stand in the sole name of Jacob Ehrlich. . . . " All such assets were "to be used for the care of Zelda Ehrlich." Insofar as necessary to this opinion, it was the testimony of all parties that any funds remaining on the death of Zelda were to be divided equally between Deborah and Sylvia.[1]

On July 8, 1963, a savings account in the Mutual Federal Savings & Loan Association previously in the joint names of Deborah and Jacob was transferred to a new account issued in the name of "Deborah Ehrlich or Sylvia B. Lichtenfeld as Joint Tenants with Right of Survivorship." Deborah testified it was her idea to put the account in the joint names. The pass book for this account was delivered by Deborah to Sylvia. Deborah contends that this account was to be held by Sylvia but to remain the sole property of Deborah, and she

so testified. Sylvia and David claim, and so testified, that it was to be used for the support of Zelda, if necessary, and to be divided with the other remaining assets equally between Deborah and Sylvia.

Zelda died on January 24, 1965. Shortly before Zelda's death, Deborah withdrew $750.00 from the Mutual Federal Savings & Loan Association account. That transaction is not in issue here. Deborah also attempted to transfer the balance of $10,006.78 to an individual account in her name only, but the Association placed the balance again in the joint names of Deborah and Sylvia in a pass book designated as a duplicate of the previous account. Shortly after Zelda's death, Sylvia and David learned of the withdrawal and attempt to transfer the account by Deborah and thereafter the relations between the parties became strained. No resolution of the Mutual Federal Savings & Loan Association account was reached. David did not account for the funds being administered by him nor pay over to Deborah or Sylvia any part of the balance. This suit ensued whereby plaintiff Deborah in Count I of her petition seeks an accounting for the funds being administered by David and judgment for the amount due her and for release of the Mutual Federal Savings & Loan Association account to her. By Count II of her petition Deborah seeks judgment against David for $3,500.00 loaned to him. On Count II the trial court found for Deborah in the amount of $3,000.00 and the only issue on this appeal is as to the date from which interest is due.

Deborah alleges error in that the trial court did not require a full and proper accounting. There is no dispute as to

---

1. Defendants testified to an agreement with plaintiff that the $3,000.00 defendants had borrowed from Jacob should be given to the defendants' children. Plaintiff denied this. $2,500.00 of the amount borrowed, represented by notes, was included in the accounting upon which the trial court based its judgment. On after trial motion defendants sought to modify the judgment so as to provide that the $2,500.00 was to be held for the benefit of defendants' children. This motion was overruled and defendants have not appealed. That issue is therefore not before this court, but stands as an item in the accounting of which defendant David Lichtenfeld must pay one-half to plaintiff and one-half to defendant Sylvia Lichtenfeld.

the fact that David was administering funds that were the property of other persons. As such, he became trustee of such funds and is obligated to make a strict accounting therefor, and any doubts are to be resolved against him. Engelsmann v. Holekamp, 402 S.W.2d 382 (Mo.1966).

David did make an accounting by an exhibit attached to answers to interrogatories, which exhibit was also received in evidence at the trial and formed the basis for the trial Court's judgment. Although somewhat informal, the exhibit shows all disbursements and receipts and although there was extensive testimony, exhibits introduced and cross-examination by plaintiff, she can point to no discrepancy between the accounting made and the other evidence, except for two matters and the issue concerning the Mutual Federal Savings & Loan Association account which will be dealt with later.

■ The first of the two exceptions pertains to a check dated March 2, 1964, in the amount of $339.66 which defendant David H. Lichtenfeld admits to having received from the State Bank and Trust Company of Wellston. When asked if this item was included within the accounting he answered, "I don't see it, no, it is not here, I don't see it here as a specific item." When asked what he did with the check, he answered, "I don't really recall. I have tried to trace it, and I don't know what I did with it." On our independent examination of the accounting exhibit, we find no such item included therein. We hold, therefore, that defendant David H. Lichtenfeld must account for this $339.66 with interest from March 2, 1964, in addition to the other items contained in the accounting exhibit.

■ The second exception is in reference to the amount which David personally had borrowed from Jacob. The accounting exhibit includes $2,500.00 in notes of David H. Lichtenfeld and it is upon this amount that the trial court based its judgment. However, in his testimony David positively states that he has borrowed $3,000.00 from Jacob. His testimony was as follows: "Q: Now, how much did you owe Jacob? A: How much did I borrow from him? Q: Yes, please. A: Three Thousand Dollars." David testified that Jacob never asked for repayment during his lifetime and nowhere in the evidence is there proof of any partial payment so as to reduce the $3,-000.00 indebtedness to the $2,500.00 shown on the accounting exhibit. Accordingly, we hold that David must also account for an additional $500.00 debt he owed to Jacob.

As to Count II and plaintiff's claim to the Mutual Federal Savings & Loan account, the parties have filed supplemental briefs following the decision In re Estate of LaGarce, 487 S.W.2d 493 (Mo. banc 1972).

■ Deborah in her supplemental brief asserts the doctrine that equity should treat as done that which should *rightfully* have been done. Therefore requesting this court to treat the attempt by Deborah to transfer the account to her sole name as if such transfer had in fact been completed.[2]

The act which plaintiff wants treated as done was the act of Mutual Federal Savings & Loan Association in transferring the savings account, and not the act of either of these defendants. The Mutual Federal Savings & Loan Association is not a party to this suit, and under such circumstances the proposed doctrine is not applicable here. The fact remains that as between the parties to this litigation the account was not transferred to Deborah's sole name.

2. It should be noted that this request comes first on this appeal and, also, that we are not deciding the question of the right to withdraw without presenting a certificate or pass book, nor the validity of the requirement that both joint tenants sign an affidavit of lost pass book as testified to by the president of the Mutual Federal Savings & Loan Association, but which was not done in this case.

**424**

■ We turn next to the matter of the date from which interest should accrue on the $3,000.00 indebtedness of David to Deborah. The trial court granted interest from January 1, 1964. This would appear to be a typographical error. Deborah acknowledged a payment of $180.00 on August 23, 1962, which at 6% would be one year's payment of interest. In two letters she demanded interest for the year 1963 and thereafter, but for no prior years. David very explicitly testified that he had paid interest through the year 1962, but none since. He is bound by his own admission made under oath at the time of trial.

■ The plaintiff contends that the defendant David Lichtenfeld should have been surcharged for depositing sums jointly belonging to the plaintiff and defendant Sylvia Lichtenfeld in an account in his own name and comingling the same with his private funds. While all breaches of trust are condemned, there are degrees of seriousness of breach. The trial court in this case neither surcharged David, nor allowed him compensation for the duties he performed. The Court did not abuse its discretion in this decision. Estate of Luyties v. Scudder, 432 S.W.2d 210 (Mo.1968). It should also be noted that nowhere in plaintiff's petition is a surcharge on David requested.

■ The plaintiff further contends that the total costs should have been assessed against defendants and not one-half against plaintiff. The relief granted was and is in favor of defendants on the issue as to the Mutual Federal Savings & Loan Association account, and was greatly reduced as to the claim for amount due on notes of defendant David to Jacob, and was somewhat reduced as to the claim for amount due on the debt of David to Deborah. Under these circumstances the trial court did not abuse its discretion in taxing costs.

■ The trial court with its continuing jurisdiction over trusts will have authority to enforce its order as to items uncollected at the time of trial and to enforce their proper distribution. Stark v. Moffit, 352 S.W.2d 165 (Mo.App.1961).

Accordingly, the judgment of the trial court is affirmed with the following modifications: First, that defendant David H. Lichtenfeld account for $339.66 received from the State Bank and Trust Company of Wellston with interest at the rate of 6% per annum from March 2, 1964. Second, that he account for an additional $500.00 with interest for indebtedness owed to Jacob Ehrlich. Third, that the $3,000.00 judgment in favor of plaintiff against defendant David H. Lichtenfeld for indebtedness due plaintiff include interest from January 1, 1963.

SMITH, P. J., and SIMEONE, J., concur.